UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**Patrick Kingston**

                Plaintiff(s),

v.                                                  Erie County Supreme Court
                                                           Index No**:** 2012-000970

**Cardinal O'Hara High School**;
**The Diocese of Buffalo, N.Y.; &**                      CIV No. 12 CV 349
**The Boys and Girls Club of the Northtowns**         Hon. William M. Skretny
**Foundation, Inc.**

                Defendants.

_____

### ATTORNEY AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT

Frank J. Dolce, Esq., being duly sworn deposes and says:

1.   I am an attorney duly licensed to practice law in the State of New York, and am a partner in the law firm of *Cantor, Dolce & Panepinto, P.C.*, attorneys for plaintiff, Patrick Kingston, relative to the above captioned action. As such I am familiar with the prior pleadings hereto and the facts and circumstances herein

2.   I submit this Affidavit in support of the Plaintiff's Motion to Remand the instant Action to New York State Supreme Court pursuant 28 USC § 1477 and 28 USC §1441(b)(2).

3.   This motion is made on the grounds that, on April 23, 2012, defendants Cardinal O'Hara Highschool and the Dioceses of Buffalo removed this action to federal court.

4.   In the Notice of Removal filed with this Court on April 23, 2012, defendants Cardinal O'Hara Highschool and the Dioceses of Buffalo contended that Plaintiff's cause of action is one in

which the federal District Courts of the United States are given original jurisdiction on the basis that the controversy is wholly between citizens of different states. See Defendants' Notice of Removal to Federal Court with Exhibits, attached hereto as **Exhibit A,** at ¶¶ 3-4.  As such, the Defendant contends that this action is removable under the provisions of 28 U.S.C. 1446. Id. at ¶5.

5. The Plaintiff filed the instant cause of action in New York State Supreme Court, Erie County by filing a Summons and Complaint with the Erie County clerk on March 20, 2012.  A copy of that Summons and Complaint were served on all defendants, Cardinal O'Hara Highschool, the Dioceses of Buffalo, and the Boys and Girls Club of the Northtowns Foundation, Inc. on March 23, 2012.  A copy of that Summons and Complaint with the Affidavits of Service are attached hereto as **Exhibit B**.

6. Defendants Cardinal O'Hara High School and the Diocese of Buffalo submitted an Answer to the Plaintiff's Summons and Complaint, dated April 23, 2012.  That Answer is attached hereto as **Exhibit C**.  Defendant the Boys and Girls Club of the Northtowns Foundation, Inc. has not yet submitted an Answer in connection with the New York State action but has consented to the Removal of this action to federal Court.  See Defendant's Notice of Removal to Federal Court at Exhibit C.

7. In his Complaint, the Plaintiff set forth that he was and is a resident of the State of New Jersey.  The Plaintiff further maintained that all Defendants were and are citizens of the State of New York and the County of Erie, and that all Defendants perform systematic and regular business in the State of New York and County of Erie.  See Complaint, **Exhibit B**, at ¶¶ 2-5.

8. The Plaintiff further sets forth in his Complaint that he was caused to sustain serious and life-altering injuries in the State of New York as the result of the negligent acts and statutory violations of the defendants that took place in the State of New York.  Specifically, the Plaintiff was

caused to incur serious injuries in the premises owned, occupied, leased, possessed, or otherwise controlled by defendants Cardinal O'Hara High School and the Dioceses of Buffalo, located at 9 O'Hara Road, Tonawanda, New York, County of Erie, New York, during wrestling exhibition/ theatrical performance jointly hosted, planned, organized, arranged, conducted and/or operated by the defendants, on April 15, 2011.  See Complaint, **Exhibit B** at ¶¶8-25.

9. Defendants' Cardinal O'Hara High School and the Diocese of Buffalo set forth and acknowledged in their Notice of Removal to Federal Court, that all Defendants are corporations organized under the law of the State of New York with their principal place of business also in the State of New York.  See Notice of Removal, **Exhibit A** at ¶ 3. In other words, defendants have acknowledged and admitted that they are citizens of the State of New York, the state in which the Plaintiff elected to bring this action in State Supreme Court.  As such, defendants are local defendants in New York State Supreme Court.

10. The defendants' assertion that they are entitled to the removal of the instant action to federal court is predicated only on diversity of citizenship between the parties as set forth in 28 U.S.C. §1332(a).  Specifically, the Defendants claims that they are entitled to removal from New York State Supreme Court to Federal Court because the Plaintiff is a domiciliary of the State of New Jersey while the Defendants are residents of the State of New York, thus granting the United States District Court original jurisdiction over the action.  See Notice of Removal, **Exhibit A** at ¶3. The Defendants do not assert that there is any federal question to be resolved in the instant case that would otherwise give the United States District Court original jurisdiction. See generally, id.

11. As such, although the Defendants do not specifically cite such in their Notice of Removal, their assertion that they are entitled to removal can only be based 28 U.S.C. §1332(a)(1), which provides that "(a) The district courts shall have original jurisdiction of all civil actions where

3

the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between– (1) Citizens of different States; the parties are citizens of different states."

12.     Notwithstanding the Defendants' argument, the Plaintiff respectfully submits that 28 U.S.C. §1441(b)(2) renders the defendants' removal of action to federal court improper.  28 U.S.C. §1441(b)(2) provides:

> "(b) Removal based on diversity of citizenship. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

13.     In light of the foregoing, and as more fully set forth in the Plaintiff's accompanying Memorandum of Law, the Plaintiff respectfully maintains that he is entitled to have the Court remand the instant action to New York State Supreme Court, Erie County, where the Plaintiff elected to venue the action, as the defendants' Removal Notice is improper and defective in light of the provisions of 28 U.S.C. §1441(b)(2).

**WHEREFORE**, in light of the foregoing, the Plaintiff respectfully requests that the Court remand the instant matter to New York State Supreme Court, Erie County pursuant to 28 USC § 1447(a) and 28 U.S.C. § 1441(b)(2), and further request any and all other relief that this Court deems just and proper.


DATED:     Buffalo, New York
           May 1, 2012

                                              Respectfully submitted,

                                              /s/ Frank J. Dolce, Esq.

                                              _____

                                              Frank J. Dolce, Esq.
                                              Cantor, Dolce & Panepinto
                                              1600 Main Place Tower
                                              350 Main Street
                                              Buffalo, New York 14202
                                              (716) 852-1888
                                              fdolce@cldplaw.com

Subscribed and sworn to before
me this 1st day of May, 2012

/s/ Linda M. Woroniecki
_____
  Linda M. Woroniecki
  Notary Public, State of New York
  Qualified in Erie County
  My Commission Expires August 28, 2013


TO:    Thomas J. Speyer
        Chelus Herdzik Speyer & Monte, P.C.
        *Attorneys for Defendants Cardinal O'Hara High School*
        *and the Diocese of Buffalo*
        Main Court Building
        438 Main Street, 10th Floor
        Buffalo, New York 14202
        tspeyer@cheluslaw.com

        Michael J. Appelbaum
        Damon and Morey, LLP
        *Attorney for Defendant The Boys and Girls Club*
            *of the Northtowns Foundation, Inc.*,
        The Avant Building, Suite 1200
        200 Delaware Avenue
        Buffalo, New York 14202
        mappelbaum@damonmorey.com