# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PATRICK KINGSTON

     Plaintiff

-vs-

CARDINAL O'HARA HIGH SCHOOL,
THE DIOCESE OF BUFFALO, N.Y., and
THE BOYS AND GIRLS CLUB OF
THE NORTHTOWNS FOUNDATION, INC.

    Defendants

**NOTICE OF REMOVAL
TO FEDERAL COURT**

Erie County Sup. Ct. Index No.:
I-2012-000970

CIV No._____

Hon. _____

---

The defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF

BUFFALO, N.Y., by their attorneys, CHELUS, HERDZIK, SPEYER & MONTE, P.C., hereby

give notice of the removal of this matter from the Supreme Court of the State of New York, Erie

County, in which it is now pending, to the United States District Court for the Western District

of New York pursuant to 28 U.S.C. § 1446 et. seq. and states, the following:

  1.  The above-entitled cause of action was filed in the Supreme Court of the

State of New York, Erie County on March 20, 2012, and is now pending in that Court.

  2.  The above-entitled cause of action is of a civil nature at law brought by

PATRICK KINGSTON in which the plaintiff seeks to recover damages for personal injuries

alleged to have suffered during a wrestling match on April 15, 2011, as a result of alleged

negligence on the part of the defendants.

  3.  The above-entitled cause of action involves a controversy which is wholly

between citizens of different states in that the plaintiff PATRICK KINGSTON in the above-

entitled action at the time of the commencement of the cause of action, and since that time,

was and still is a citizen of the State of New Jersey. At the time of commencement of the

action, and since that time, the defendants, CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y., and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC., are all corporations organized under the laws of the State of New York, with their principal place of business also in New York. The plaintiff is not a domiciliary of the state in which the above-entitled cause of action was brought.

4. This cause of action is one over which the District Courts of the United States are given originally jurisdiction.

5. The stated cause of action is removable from the State of New York, Supreme Court, County of Erie to the District Court of the United States Western District of New York under the provisions of Title 28 U.S.C. §1446.

6. The time within which the defendants are required to file this notice of removal in order to remove this cause of action to this Court has not yet expired and it is timely pursuant to 28 U.S.C. 1446(c) and Rule 81(c) of the Federal Rules of Civil Procedure.

7. The defendants, CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y., and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC., attaches to this notice a copy of the summons and complaint of the plaintiff in the stated cause of action as **Exhibit A**. These documents were served upon defendant CARDINAL O'HARA HIGH SCHOOL on or about March 23, 2012. These documents were served upon defendant THE DIOCESE OF BUFFALO, N.Y. on or about April 3, 2012.

8. A copy of the answer submitted on behalf of the defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y. is attached as **Exhibit B** THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC. has not yet served an answer in this action as of the time of filing.

9.      Although all defendants must join in removal, the rule of unanimity does not require that all defendants sign the same notice of removal; rather, it merely requires that each defendant file notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within 30-day period following service of process. Here, THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC., represented by Michael Appelbaum, Esq., Damon Morey, LLP, has consented in writing to the removal of this action to federal court as evidenced in his letter dated April 20, 2012. This letter is attached as **Exhibit C**.

10.     Although the plaintiff's complaint fails to allege a dollar amount, an affidavit from plaintiff's attorney sets forth the nature of plaintiff's claimed injuries which clearly exceed $75,000.00 in value.  See **Exhibit D**.

11.     The defendants CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y. will give written notice of the filing of this notice as required by 28 U.S.C. §1446(d).  An affidavit of service of said notice of removal with attached exhibits demonstrating service upon the attorney for the plaintiff, Anne M. Wheeler, Esq., Cantor, Dolce & Panepinto, P.C. 1600 Main Place Tower, 350 Main Street, Buffalo, New York 14202, as well as the attorney for co-defendant THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC., Michael Appelbaum, Esq., The Avant Building, Suite 1200, 200 Delaware Avenue, Buffalo, New York 14202, sworn to on April 23, 2012, is attached as **Exhibit E**.

12.     A copy of this notice will also be filed with the Clerk of the State of New York Supreme Court, County of Erie as required by 28 U.S.C. §1446(d).

13.     An index of all documents which clearly identifies each document and indicates the date the document was filed in State Court is attached as **Exhibit F**.

- 3 -

**WHEREFORE**, the defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., request that this action be removed and proceed in this Court pursuant to 28 U.S.C. §1446.

DATED:   Buffalo, New York
         April 23, 2012

_____
Thomas J. Speyer
CHELUS, HERDZIK, SPEYER & MONTE, P.C.
Attorneys for Defendants
CARDINAL O'HARA HIGH SCHOOL and THE
DIOCESE OF BUFFALO, N.Y.
Office and Post Office Address
Main Court Building
438 Main Street, Tenth Floor
Buffalo, New York 14202
Telephone:  (716) 852-3600

TO:

CANTOR, DOLCE & PANEPINTO, P.C.
Attorneys for Plaintiff
PATRICK KINGSTON
Office and Post Office Address
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
Telephone:   (716) 852-1888

DAMON MOREY LLP
Attorneys for Co-Defendant
THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC.
Office and Post Office Address
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202

CRP:TJS:crp
81-12-03-005

::ODMA\PCDOCS\DOCS\570810\1

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

**Patrick Kingston**
36 Kino Boulevard
Mercerville, New Jersey 08619

**SUMMONS SERVED
WITH COMPLAINT**

Plaintiff(s),

v.

Index No.: *I 2012 000990*

**Cardinal O'Hara High School**
39 O'Hara Road
Tonawanda, New York 14150

**The Diocese Of Buffalo, N.Y.**
795 Main Street
Buffalo, New York 14203

**The Boys and Girls Club of the Northtowns
Foundation, Inc**
54 Riverdale Avenue
Buffalo, New York 14207

Defendants.

TO THE ABOVE NAMED DEFENDANT(S):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment may be taken against you by default for the relief demanded in the complaint.

      Erie County is designated as the place of trial on basis of residents of Defendants Cardinal O'Hara Highschool, The Diocese of Buffalo, N.Y. and The Boys and Girls Club of the Northtowns Foundation, Inc. who upon information and belief have their usual place of business in the County of Erie, State of New York.

FILED
03/30/2012/ 15:12:43
ERIE COUNTY CLERK
RCPT # 12044160
I 2012000990

DATED:      Buffalo, New York
            March 19, 2012

                        Anne M. Wheeler, Esq.
                        CANTOR, DOLCE & PANEPINTO, P.C.
                        *Attorneys for Plaintiff*
                        1600 Main Place Tower
                        350 Main Street
                        Buffalo, New York  14202
                        (716) 852-1888


**PLEASE GIVE THESE PAPERS TO YOUR INSURANCE
CARRIER IMMEDIATELY.  YOUR FAILURE TO DO SO
MAY RESULT IN LOSS OF YOUR INSURANCE COVERAGE.**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

Patrick Kingston

                Plaintiff(s),                            **COMPLAINT**

v.

                                          Index No.: _____

Cardinal O'Hara High School;
The Diocese of Buffalo, N.Y.; &
The Boys and Girls Club of the Northtowns
Foundation, Inc.

**FILED**
ACTIONS & PROCEEDINGS

MAR 2 0 2012

ERIE COUNTY
CLERK'S OFFICE

                Defendants.

---

      Plaintiff(s), PATRICK KINGSTON, by and through his attorneys *Cantor, Dolce & Panepinto, P.C.,* Anne M. Wheeler Esq., as and for their Complaint against defendants, Cardinal O'Hara High School, The Diocese of Buffalo, N.Y. and The Boys and Girls Club of the Northtowns Foundation, Inc upon information and belief:

      1.     That by virtue of the application of one or more of the exceptions listed in Section 1602 of Article 16 of the Civil Practice Law and Rules, the limitations on liability imposed by that Article do not apply to the cause(s) of action set forth herein.

      2.     That at all times hereinafter mentioned, plaintiff, Patrick Kingston, was and still is a resident of the State of New Jersey, Hamilton Township.

      3.     That at all times hereinafter mentioned, defendant, CARDINAL O'HARA HIGHSCHOOL , was and still is a domestic not-for-profit entity duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to

accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

4.    That at all times hereinafter mentioned, defendant, THE DIOCESE OF BUFFALO, N.Y, was and still is a domestic not-for-profit corporation duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

5.    That at all times hereinafter mentioned, defendant, THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, was and still is a not-for-profit entity duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

6.    That Defendant CARDINAL O'HARA HIGH SCHOOL owns, occupies, leases, possesses, or otherwise controls the premises located at or around 9 O'Hara Road, Tonawanda, New York, a premises commonly known as Cardinal O'Hara High School, and did own, occupy, lease, possess, or otherwise control said premises on or around April 15, 2011.

7.    That Defendant THE DIOCESE OF BUFFALO, N.Y, owns, occupies, leases, possesses, or otherwise controls the premises located at or around 9 O'Hara Road, Tonawanda, New

York, a premises commonly known as Cardinal O'Hara High School, and did own, occupy, lease, possess, or otherwise control said premises on or around April 15, 2011.

8. That on or about April 15, 2011, a wrestling exhibition/ theatrical performance was permitted to take place and did take place at Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York 14150.

9. That upon information and belief the aforementioned wrestling exhibition/ theatrical performance that took place on or around April 15, 2011 at Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York, was jointly hosted, planned, organized, arranged, conducted and/or operated by Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC for the mutual financial benefit for those entities.

10. That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N,Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, their servants, agents, or employees permitted the aforementioned wrestling exhibition/ theatrical performance to take place at Cardinal O'Hara High School and had knowledge that said event was taking place on or about April 15, 2011.

11. That a wrestling or boxing ring, which included several ariel/ elevated ropes, was erected within Cardinal O'Hara High School, 9 O'Hara Road, Tonawanda, New York in furtherance of, and in connection withm the aforementioned wrestling exhibition/ theatrical performance on or around April 15, 2011.

12. That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, its servants, agents, or employees permitted and caused said wrestling or boxing

ring to be erected and used in furtherance of the aforementioned wrestling exhibition/. theatrical performance at Cardinal O'Hara High School, 9 O'Hara Road, Tonawanda, New York.

13      That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and  THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, its servants, agents, or employees assisted in the erection of the aforementioned wrestling or boxing ring within Cardinal O'Hara High School, 39 O'Hara Road, Tonawanda, New York on or around April 15, 2011.

14.     That on or about April 15, 2011, the plaintiff PATRICK KINGSTON was a wrestling performer that participated in the aforementioned wrestling exhibition/ theatrical performance being held Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York.

15.     That on or about April 15, 2011, while participating in the aforementioned wrestling exhibition/ theatrical performance plaintiff Patrick Kingston, in the course of a staged ariel component that performance, was caused to fall improperly, thereby causing Mr. Kingston's neck and back to improperly, dangerously and violently impact components of the wrestling ring, causing injuries to Mr. Kingston's neck and back that resulted in paraplegia.

16.     That upon information and belief, the aforementioned wrestling ring, including ariel/ elevated ropes, was not suitably constructed, placed, maintained, or operated so as to mitigate the risk of serious injury associated with the aforementioned wrestling exhibition/ theatrical performance, and specifically injury associated with the ariel components of that performance.

17.     That the Defendants did not otherwise provide Mr. Kingston with adequate safety equipment or other proper protection in connection with the staged ariel component of the wrestling exhibition/ theatrical performance.

## AS FOR THE FIRST CAUSE OF ACTION AGAINST
## DEFENDANTS PLAINTIFF PATRICK KINGSTON ALLEGES:

18. That the plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 above, as more fully set forth herein.

19. The aforementioned accident was caused by Defendants' violations of Section 37.09 of the New York State Arts and Cultural Affairs Law and/or New York State Department of Labor Safety and Health Law, Part 41, subsections 41.3, 41.5, 41.4 and 41.6, among other sections.

20. As a result of the aforementioned accident and Defendants' statutory violations, Plaintiff was caused to become sick, sore, lame, and disabled, suffer permanency of injury, lose substantial amounts of money in the form of lost past, present, and future income, and endure substantial pain and suffering, all of which are causally related to the aforementioned accident, all to his damage in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction, exclusive of attorney fees, costs and disbursements.

## AS FOR THE SECOND CAUSE OF ACTION AGAINST
## DEFENDANTS, PLAINTIFF PATRICK KINGSTON ALLEGES:

21. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-16 as enumerated above, as more fully set forth herein.

22. The defendants had an affirmative and non-delegable duty to exercise due care in the inspection, maintenance, and/or supervision of the subject premises and of the subject wrestling exhibition/ theatrical performance including to a non-delegable affirmative duty to ensure that the subject area and premises where the performance took place was free from unreasonably dangerous, defective, and/or hazardous conditions that would pose a threat to performers/participants in the wrestling exhibition, and in particular, the plaintiff.

23.     That upon information and belief, the Defendants breached their duties and that the accident and injuries sustained by the plaintiff were caused by the carelessness, recklessness, and negligence of the Defendants, their servants, agents and employees, with no contributory negligence on the part of the plaintiff, inasmuch as Defendants permitted the aforementioned wrestling ring to erected and exist in a hazardous, dangerous, and defective condition; permitted the aforementioned wrestling exhibition/ theatrical performance to take place while the aforementioned ring was in a hazardous, dangerous, and defective condition; failed to warn the wrestlers/ performers of known hazardous, dangerous, and defective conditions in aforementioned ring; failed to adequately inspect the aforementioned ring; failed to adequately maintain the aforementioned ring; failed to otherwise provide wrestling performers including the plaintiff with adequate safety devices and protections in connection with planned ariel components of the subject wrestling exhibition; failed to ensure that the premises on which the subject wrestling exhibition/ theatrical performance took place was in an adequately safe condition for aforementioned wrestling exhibition/ theatrical performance; and was otherwise careless, reckless, and negligent.

24.     The Defendants, their servants, agents and employees, had actual and constructive notice of the hazardous and defective conditions which caused the plaintiff's injuries.

25.     As a result of the carelessness, recklessness and negligence of the defendants, the plaintiff was caused to suffer and did suffer serious and permanent bodily injuries, including but not limited to injuries his neck, mid-back, and low back that resulted in the plaintiff's loss of use of his lower extremities together with pain and suffering attendant thereto; has been caused to incur substantial medical and related expense; had been caused to be disabled from his usual work, recreation and leisure activities and has been caused to experience great anxiety and apprehension attendant to his injuries.

*WHEREFORE*, plaintiff(s) respectfully demand judgment against the Defendants in an amount that exceeds the jurisdiction of other courts that would otherwise have jurisdiction, exclusive of costs, disbursements, and statutory interest, and for such other, further or different relief as the Court deems just and proper.

DATED:       Buffalo, New York
             March 19, 2012


             Anne M. Wheeler, Esq.
             CANTOR, DOLCE & PANEPINTO, P.C.
             *Attorneys for Plaintiff*
             1600 Main Place Tower
             350 Main Street
             Buffalo, New York  14202
             (716) 852-1888

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

PATRICK KINGSTON

**ANSWER**

Plaintiff

-vs-

Index No.: I-2012-000970

CARDINAL O'HARA HIGH SCHOOL,
THE DIOCESE OF BUFFALO, N.Y. and
THE BOYS AND GIRLS CLUB OF THE
NORTHTOWNS FOUNDATION, INC.

Defendants

---

The defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., by their attorneys, CHELUS, HERDZIK, SPEYER & MONTE, P.C., for their answer to the plaintiff's complaint, allege upon information and belief:

1. Deny each and every allegation contained in paragraphs numbered 3, 4, 13, 17, 19, 20, 22, 23, 24, and 25 of the plaintiff's complaint.

2. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 18, and 21 of the plaintiff's complaint.

3. Neither admit nor deny the allegations contained in paragraphs numbered 1 of plaintiff's complaint in that same calls for legal conclusions.  To the extent that these allegations do not call for legal conclusions, defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., deny knowledge or information as to same.

FOR A DEFENSE PURSUANT TO ARTICLE 14(a) OF THE CPLR, THE DEFENDANTS, CARDINAL O'HARA HIGH SCHOOL AND THE DIOCESE OF BUFFALO, N.Y., ALLEGE:

4.   That the plaintiff's, PATRICK KINGSTON, culpable conduct contributed to the happening of the incident/accident.

5.   That the plaintiff should be barred from recovering because the incident/accident was the result entirely of plaintiff's, PATRICK KINGSTON, culpable conduct and/or due to the doctrine of assumption of risk by the plaintiff or in the event that the plaintiff is entitled to recover, the damages should be reduced by the amount of plaintiff's, PATRICK KINGSTON culpable conduct including contributory negligence or assumption of risk in the proportion which the culpable conduct attributable to the plaintiff's, PATRICK KINGSTON bears to the culpable conduct which caused the damages.

> FOR A DEFENSE AND BY WAY OF A CROSS CLAIM
> AGAINST THE DEFENDANT, THE BOYS AND GIRLS
> CLUB OF THE NORTHTOWNS FOUNDATION, INC.,
> THE DEFENDANTS, CARDINAL O'HARA HIGH
> SCHOOL AND THE DIOCESE OF BUFFALO, N.Y.,
> ALLEGE:

6.   That defendants are not aware of any culpable conduct on the part of any of the defendant, THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC. (hereinafter, " THE BOYS AND GIRLS CLUB") but in the event it is determined that there is culpable conduct, the Court is asked to apply Article 14 of the CPLR.

7.   That if these answering defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., are found liable to the plaintiff, PATRICK KINGSTON, they will be entitled to indemnification or contribution or both by and judgment against the remaining defendant for the full amount of said liability or for such proportionate share as represents the amount, degree or kind of negligence attributable to said defendant.

> FOR A SEPARATE DEFENSE, THE DEFENDANTS,
> CARDINAL O'HARA HIGH SCHOOL AND THE
> DIOCESE OF BUFFALO, N.Y., ALLEGE UPON
> INFORMATION AND BELIEF:

8. That if these answering defendants are found liable as alleged in the complaint, these answering defendants allege that the provisions of CPLR §1601 will apply.

AS AND FOR A SEPARATE DEFENSE, DEFENDANTS, CARDINAL O'HARA HIGH SCHOOL AND THE DIOCESE OF BUFFALO, N.Y., ALLEGE UPON INFORMATION AND BELIEF:

9. In the event that the plaintiff, PATRICK KINGSTON, recovers damages which have been paid or are payable by a collateral source, these answering defendants will seek an offset to such damages pursuant to Article 45 of the CPLR.

WHEREFORE, the defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., demand judgment dismissing the plaintiff's complaint together with the costs and disbursements of this action and demand further that the ultimate rights and responsibilities amongst all the parties be determined in this action and that any judgment against these answering defendants be reduced to the extent the plaintiff's culpable conduct contributed to the damages and that if the defendant BOYS AND GIRLS CLUB is found negligent, the defendants, CARDINAL O'HARA HIGH SCHOOL and THE DIOCESE OF BUFFALO, N.Y., have judgment over against for such proportionate share as represents the amount, degree or kind of negligence attributable to the remaining plaintiff.

DATED:   Buffalo, New York
April 23, 2012

Thomas J. Speyer
CHELUS, HERDZIK, SPEYER & MONTE, P.C.
Attorneys for Defendants
CARDINAL O'HARA HIGH SCHOOL AND THE
DIOCESE OF BUFFALO, N.Y.
Office and Post Office Address
Main Court Building
438 Main Street, Tenth Floor
Buffalo, New York 14202
Telephone: (716) 852-3600
Fax:: (716) 852-0038
Email: tspeyer@cheluslaw.com

TO:

CANTOR, DOLCE & PANEPINTO
Attorneys for Plaintiff
PATRICK KINGSTON
Office and Post Office Address
1600 Main Place Tower
350 Main Street
Buffalo, NY 14202
Telephone:    (716) 852-1888

CC:

DAMON & MOREY, LLP
Attorneys for Defendant
THE BOYS AND GIRLS CLUB OF THE
NORTHTOWNS FOUNDATION, INC.
Office and Post Office Address
The Avant Bldg., Suite 1200
200 Delaware Avenue
Buffalo, New York  14203
Telephone:    (716) 858-3873


TJS:scm
81-12-03-005

::ODMA\PCDOCS\DOCS\570854\1

# EXHIBIT C

THE AVANT BUILDING >> SUITE 1200 >> 200 DELAWARE AVENUE >> BUFFALO NY 14202-2150  p> 716.856.5500  f> 716.856.5510  w> damonmorey.com

BUFFALO >> CLARENCE >> ROCHESTER

**MICHAEL E. APPELBAUM**
Partner
mappelbaum@damonmorey.com
716.858.3873



**DAMON MOREY** LLP

ATTORNEYS AT LAW

April 20, 2012

Thomas J. Speyer, Esq.
Chelus Herdzik Speyer & Monte PC
438 Main Street, 10th Fl.
Buffalo, New York 14202

*Re:*     *Kingston v. The Boys and Girls Club of the Northtowns, et al.*

Dear Tom:

Earlier today, we were retained directly by The Boys and Girls Club of the Northtowns to enter an appearance and to defend the organization in the above matter.  Please allow this letter to confirm our earlier conversation in which I consented to the removal of this action from State Court to Federal Court based upon diversity of citizenship.  This consent is made with full knowledge and support of the Boys & Girls Club of the Northtowns.  Please send me a copy of the Notice for Removal and all related pleadings once filed.

Thank you.

Very truly yours,

Michael E. Appelbaum
for DAMON MOREY LLP

MEA
Doc #1686819.1

cc: Boys & Girls Club of the Northtowns

>> progressive.firm.

# EXHIBIT D

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

IN THE APPLICATION OF

Patrick Kingston
36 Kino Boulevard
Mercerville, New Jersey 08619

              Index No.:

            Petitioner,

v.                              **AFFIRMATION**

Empire State Wrestling League
8011 Porter Road
Niagara Falls, New York 14304

Maximum Force Wrestling
21 Porter Avenue
Silver Creek, New York 14136

Cardinal O'Hara High School
39 O'Hara Road
Tonawanda, New York 14150

            Respondents.

_____

      Anne M. Wheeler, Esq., an attorney duly admitted to practice law in the State of New York, and an attorney at the law offices of Cantor, Dolce & Panepinto, affirms the following under penalty of perjury:

      1.     I am an attorney duly licensed to practice law in the State of New York, and am a attorney in the law firm of *Cantor, Dolce & Panepinto, P.C.*, the firm has been retained to represent petitioner Patrick Kingston for the injuries he sustained on April 15, 2011. As such, I am fully familiar with the facts and circumstances herein.

      2.     Upon information and belief, on or about April 15, 2011, the petitioner was participating in an amateur wrestling show at Cardinal O'Hara High School, 39 O'Hara Road Tonawanda, New York 14150 . Upon information and belief, that show may have been organized, operated, or otherwise controlled by Cardinal O'Hara High School, the Empire State Wrestling Inc, and/ or the Maximum Force Wrestling Inc. The petitioner became involved in the aforementioned wrestling show by virtue of his relationship with Empire State Wrestling Inc and Maximum Force Wresting Inc.

      3.     On April 15, 2011 in the course of participating in the aforementioned wrestling

show, the petitioner was caused to sustain serious and debilitating injuries in the while in the process executing a wrestling a maneuver from one of the rope of the wrestling ring. Specifically, the petitioner was cause to land on his back in the course of that maneuver, thereby sustaining multiple fractures to his thoracic and lumber vertebrae. Upon information and belief, the subject wrestling ring, was in a dangerous and defective condition inasmuch as the components of the ring were defectively manufactured, improperly assembled, improperly maintained, or improperly repaired, and otherwise posed hazards that were unknown to, and unappreciated by, the petitioner.

4.     The petitioner was rendered a quadriplegic as a result of sustaining the aforementioned incident and injuries, had has required requiring extensive medical care and attention.

5.     Upon information and belief, the above-mentioned incident was caused by the negligence, carelessness, and/or recklessness of the entity(s) who organized, operated, or otherwise controlled the aforementioned wrestling show and specifically those who manufactured, assembled, maintained, repaired, or otherwise exercised control over the aforementioned wrestling ring.

6.     In order to establish the specific roles of the entities involved in the organization, operation, and control of the aforementioned wrestling show that took place at Cardinal O'Hara High School on April 15, 2011, and to further establish the identity of any persons or entities responsible for the manufacture, ownership, maintenance, and repair of the subject wrestling ring, petitioner requests the opportunity to inspect and/or obtain a copy of the following:

   a)   Any and all contracts, agreements, or other written documents between any and all persons, entities, or parties, reflecting the identities of any entities, parties, etc., that participated in the organization, planning, promotion, or execution of the wrestling show held at Cardinal O'Hara High School on April 15, 2011;

   b)   Any and all contracts, agreements, and other written documents between Empire State Wrestling Inc, Maximum Force Wrestling Inc, or Cardinal O'Hara High School pertaining to the wrestling show held at Cardinal O'Hara High School on April 15, 2011;

   c)   Any and all contracts, agreements, or other written material pertaining to the legal relationship, if any, between Empire State Wrestling Inc and Maximum Force Wrestling Inc;

   d)   Any documents reflecting the identity of the manufacturer of the subject wrestling ring and any of its components, including ropes, matting,

2

turnbuckles, frames, etc, used at the wrestling show at Cardinal O'Hara High School on April 15, 2011;

e) Any documents reflecting the identity of the persons, entities, parties, etc that had any type of possessory interest, including ownership, lease, rental, etc, in the subject wrestling ring on April 15, 2011;

f) Any documentation reflecting the identity of any persons, entities, parties, etc., that had any role whatsoever in maintaining and/or repairing the subject wrestling ring or any wrestling ring owned, leased, borrowed, or otherwise in the possession of Cardinal O'Hara, Empire State Wrestling, or Maximum Force Wrestling on April 15, 2011;

g) Any videotapes, audiotapes, photographs, slides, film, or similar medium that document any portion of the aforementioned wrestling show at Cardinal O'Hara High School on April 15, 2011, and specifically any such medium that documents the petitioner's injuries.

7. Upon information and belief, the petitioner may have been an employee of the Empire State Wrestling Inc or the Maximum Force Wrestling Inc. The petitioner further requests the opportunity to inspect and/or obtain a copy of the following:

a) Any employment file pertaining to the petitioner, Patrick Kingston, maintained by either Empire State Wrestling or the Maximum Force Wrestling;

b) Any contract, agreements, or other written material signed by the petitioner that defines a legal relationship between petitioner and Empire State Wrestling or Maximum Force Wrestling;

c) Any work or activity schedule issued to the petitioner by Empire State Wrestling or Maximum Force Wrestling;

d) Any federal W-2 forms or 1099 forms issued to the petitioner by either Empire State Wrestling or the Maximum Force Wrestling;

e) Any handbooks, safety manuals, guidelines, or other documents issued to individuals who participate in shows/ competitions sponsored, organized, or otherwise controlled by Empire State Wrestling or Maximum Force Wrestling.

8. That the petitioner seeks this information pursuant to CPLR §3102(c), which provides that "before an action is commenced, disclosure to aid bringing an action may be obtained, but only by Court order." The assessment of the propriety of pre-litigation disclosure lies within the broad discretion of the Court (Matter of *Thomas v. New York City TR. Police Department*, 91 A.D.2d 898).

9.     That petitioner requests that respondents herein allow inspection and provide the requested disclosure to aid in petitioner's ability to bring a cause of action(s).

10.     That no prior application for the relief sought herein has been made.

Dated:     Buffalo, New York
          December 12, 2011

Anne M. Wheeler, Esq.
CANTOR, DOLCE & PANEPINTO
*Attorneys for Petitioner*
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 852-1888

TO:

**Empire State Wrestling, Inc**
8011 Porter Road
Niagara Falls, New York 14304

**Maximum Force Wrestling, Inc**
21 Porter Avenue
Silver Creek, New York 14136

**Cardinal O'Hara High School**
39 O'Hara Road
Tonawanda, New York 14150

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK KINGSTON

      Plaintiff

           -vs-

CARDINAL O'HARA HIGH SCHOOL,
THE DIOCESE OF BUFFALO, N.Y. and
THE BOYS AND GIRLS CLUB OF THE
NORTHTOWNS FOUNDATION, INC.

      Defendants

**AFFIDAVIT OF SERVICE
BY MAIL**

Index No.: I-2012-000970

STATE OF NEW YORK    )ss:
COUNTY OF ERIE      )

Leanne M. Butch, being duly sworn deposes and says:

1. That deponent is not a party to this action, is over eighteen years of age and resides in Buffalo, New York.

2. That on the 23rd day of April, 2012, deponent served the within NOTICE OF REMOVAL TO FEDERAL COURT with ATTACHED EXHIBITS upon: **Cantor, Dolce & Panepinto**, Attorneys for Plaintiff, PATRICK KINGSTON, Office and PO Address, 1600 Main Place Tower, 350 Main Street, Buffalo, NY 14202 and **Damon & Morey, LLP**, Attorneys for Defendant, THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC., Office and PO Address, The Avant Building, Suite 1200, 200 Delaware Avenue, Buffalo, New York 14203 the address designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                             Leanne M. Butch

Sworn to before me this 23rd day of April, 2012

Notary Public

81-12-03-005

        **Mary Ann Pierino**
    **Notary Public, State of New York**
      **Qualified in Erie County**
  **My Commission Expires Nov. 10, 20__**

# EXHIBIT F

**EXHIBIT F**

**<u>INDEX TO EXHIBITS</u>**

**Exhibit A** – Plaintiff Patrick Kingston's summons and complaint filed with the Erie County Clerk's Office on March 20, 2012.

**Exhibit B** – Answer on behalf of defendants Cardinal O'Hara High School and The Diocese of Buffalo, N.Y. – not filed in State Court.

**Exhibit C** – Correspondence dated April 20, 2012, from Michael Appelbaum, Esq., Damon Morey, LLP, consenting to the removal of this state action to federal court on behalf of co-defendant The Boys And Girls Club Of The Northtowns Foundation, Inc.

**Exhibit D** – Affidavit from Anne Wheeler, Esq. setting forth the nature of plaintiff's claimed injuries as exceeding $75,000.00.

**Exhibit E** – Affidavit of service of Leanne Butch sworn to on April 23, 2012.

**Exhibit F** – Index to Exhibits.