# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

**Patrick Kingston**
36 Kino Boulevard
Mercerville, New Jersey 08619

     Plaintiff(s),

v.

**Cardinal O'Hara High School**
39 O'Hara Road
Tonawanda, New York 14150

**The Diocese Of Buffalo, N.Y.**
795 Main Street
Buffalo, New York 14203

**The Boys and Girls Club of the Northtowns Foundation, Inc**
54 Riverdale Avenue
Buffalo, New York 14207

     Defendants.

---

**SUMMONS SERVED WITH COMPLAINT**

Index No.: I2012000970

TO THE ABOVE NAMED DEFENDANT(S):

  YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment may be taken against you by default for the relief demanded in the complaint.

  Erie County is designated as the place of trial on basis of residents of Defendants Cardinal O'Hara Highschool, The Diocese of Buffalo, N.Y. and The Boys and Girls Club of the Northtowns Foundation, Inc. who upon information and belief have their usual place of business in the County of Erie, State of New York.

FILED
03/20/2012   15:13:42
ERIE COUNTY CLERK
RCPT # 1204460
I 2012000970

DATED:   Buffalo, New York
         March 19, 2012

                                      */s/ Anne M. Wheeler*
                                  Anne M. Wheeler, Esq.
                                  **CANTOR, DOLCE & PANEPINTO, P.C.**
                                  *Attorneys for Plaintiff*
                                  1600 Main Place Tower
                                  350 Main Street
                                  Buffalo, New York  14202
                                  (716) 852-1888


**PLEASE GIVE THESE PAPERS TO YOUR INSURANCE
CARRIER IMMEDIATELY.  YOUR FAILURE TO DO SO
MAY RESULT IN LOSS OF YOUR INSURANCE COVERAGE.**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

**Patrick Kingston**

                Plaintiff(s),                      **COMPLAINT**

v.

                                            Index No.: _____

**Cardinal O'Hara High School;**
**The Diocese of Buffalo, N.Y.; &**
**The Boys and Girls Club of the Northtowns**
**Foundation, Inc.**

FILED
ACTIONS & PROCEEDINGS
MAR 20 2012
ERIE COUNTY
CLERK'S OFFICE

                Defendants.

---

Plaintiff(s), PATRICK KINGSTON, by and through his attorneys *Cantor, Dolce & Panepinto, P.C.*, Anne M. Wheeler Esq., as and for their Complaint against defendants, Cardinal O'Hara High School, The Diocese of Buffalo, N.Y. and The Boys and Girls Club of the Northtowns Foundation, Inc upon information and belief:

1. That by virtue of the application of one or more of the exceptions listed in Section 1602 of Article 16 of the Civil Practice Law and Rules, the limitations on liability imposed by that Article do not apply to the cause(s) of action set forth herein.

2. That at all times hereinafter mentioned, plaintiff, Patrick Kingston, was and still is a resident of the State of New Jersey, Hamilton Township.

3. That at all times hereinafter mentioned, defendant, CARDINAL O'HARA HIGHSCHOOL, was and still is a domestic not-for-profit entity duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to

accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

4. That at all times hereinafter mentioned, defendant, THE DIOCESE OF BUFFALO, N.Y, was and still is a domestic not-for-profit corporation duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

5. That at all times hereinafter mentioned, defendant, THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, was and still is a not-for-profit entity duly organized and existing in the State of New York and County of Erie who performs systematic and regular business in the State of New York and County of Erie and derives substantial revenue therefrom, who maintains agent(s) to accept the service of process in the State of New York and County of Erie, and who has committed a tortious act against the plaintiff in the State of New York and County of Erie out of which these causes of action arise.

6. That Defendant CARDINAL O'HARA HIGH SCHOOL owns, occupies, leases, possesses, or otherwise controls the premises located at or around 9 O'Hara Road, Tonawanda, New York, a premises commonly known as Cardinal O'Hara High School, and did own, occupy, lease, possess, or otherwise control said premises on or around April 15, 2011.

7. That Defendant THE DIOCESE OF BUFFALO, N.Y, owns, occupies, leases, possesses, or otherwise controls the premises located at or around 9 O'Hara Road, Tonawanda, New

York, a premises commonly known as Cardinal O'Hara High School, and did own, occupy, lease, possess, or otherwise control said premises on or around April 15, 2011.

8. That on or about April 15, 2011, a wrestling exhibition/ theatrical performance was permitted to take place and did take place at Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York 14150.

9. That upon information and belief the aforementioned wrestling exhibition/ theatrical performance that took place on or around April 15, 2011 at Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York, was jointly hosted, planned, organized, arranged, conducted and/or operated by Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC for the mutual financial benefit for those entities.

10. That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, their servants, agents, or employees permitted the aforementioned wrestling exhibition/ theatrical performance to take place at Cardinal O'Hara High School and had knowledge that said event was taking place on or about April 15, 2011.

11. That a wrestling or boxing ring, which included several ariel/ elevated ropes, was erected within Cardinal O'Hara High School, 9 O'Hara Road, Tonawanda, New York in furtherance of, and in connection withm the aforementioned wrestling exhibition/ theatrical performance on or around April 15, 2011.

12. That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, its servants, agents, or employees permitted and caused said wrestling or boxing

ring to be erected and used in furtherance of the aforementioned wrestling exhibition/ theatrical performance at Cardinal O'Hara High School, 9 O'Hara Road, Tonawanda, New York.

13    That upon information and belief Defendants CARDINAL O'HARA HIGH SCHOOL, THE DIOCESE OF BUFFALO, N.Y, and THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC, its servants, agents, or employees assisted in the erection of the aforementioned wrestling or boxing ring within Cardinal O'Hara High School, 39 O'Hara Road, Tonawanda, New York on or around April 15, 2011.

14.    That on or about April 15, 2011, the plaintiff PATRICK KINGSTON was a wrestling performer that participated in the aforementioned wrestling exhibition/ theatrical performance being held Cardinal O'Hara High School, 9 O'Hara Road Tonawanda, New York.

15.    That on or about April 15, 2011, while participating in the aforementioned wrestling exhibition/ theatrical performance plaintiff Patrick Kingston, in the course of a staged ariel component that performance, was caused to fall improperly, thereby causing Mr. Kingston's neck and back to improperly, dangerously and violently impact components of the wrestling ring, causing injuries to Mr. Kingston's neck and back that resulted in paraplegia.

16.    That upon information and belief, the aforementioned wrestling ring, including ariel/ elevated ropes, was not suitably constructed, placed, maintained, or operated so as to mitigate the risk of serious injury associated with the aforementioned wrestling exhibition/ theatrical performance, and specifically injury associated with the ariel components of that performance.

17.    That the Defendants did not otherwise provide Mr. Kingston with adequate safety equipment or other proper protection in connection with the staged ariel component of the wrestling exhibition/ theatrical performance.

## AS FOR THE FIRST CAUSE OF ACTION AGAINST
## DEFENDANTS PLAINTIFF PATRICK KINGSTON ALLEGES:

18. That the plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 above, as more fully set forth herein.

19. The aforementioned accident was caused by Defendants' violations of Section 37.09 of the New York State Arts and Cultural Affairs Law and/or New York State Department of Labor Safety and Health Law, Part 41, subsections 41.3, 41.5, 41.4 and 41.6, among other sections.

20. As a result of the aforementioned accident and Defendants' statutory violations, Plaintiff was caused to become sick, sore, lame, and disabled, suffer permanency of injury, lose substantial amounts of money in the form of lost past, present, and future income, and endure substantial pain and suffering, all of which are causally related to the aforementioned accident, all to his damage in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction, exclusive of attorney fees, costs and disbursements.

## AS FOR THE SECOND CAUSE OF ACTION AGAINST
## DEFENDANTS, PLAINTIFF PATRICK KINGSTON ALLEGES:

21. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-16 as enumerated above, as more fully set forth herein.

22. The defendants had an affirmative and non-delegable duty to exercise due care in the inspection, maintenance, and/or supervision of the subject premises and of the subject wrestling exhibition/ theatrical performance including to a non-delegable affirmative duty to ensure that the subject area and premises where the performance took place was free from unreasonably dangerous, defective, and/or hazardous conditions that would pose a threat to performers/participants in the wrestling exhibition, and in particular, the plaintiff.

23.  That upon information and belief, the Defendants breached their duties and that the accident and injuries sustained by the plaintiff were caused by the carelessness, recklessness, and negligence of the Defendants, their servants, agents and employees, with no contributory negligence on the part of the plaintiff, inasmuch as Defendants permitted the aforementioned wrestling ring to erected and exist in a hazardous, dangerous, and defective condition; permitted the aforementioned wrestling exhibition/ theatrical performance to take place while the aforementioned ring was in a hazardous, dangerous, and defective condition; failed to warn the wrestlers/ performers of known hazardous, dangerous, and defective conditions in aforementioned ring; failed to adequately inspect the aforementioned ring; failed to adequately maintain the aforementioned ring; failed to otherwise provide wrestling performers including the plaintiff with adequate safety devices and protections in connection with planned ariel components of the subject wrestling exhibition; failed to ensure that the premises on which the subject wrestling exhibition/ theatrical performance took place was in an adequately safe condition for aforementioned wrestling exhibition/ theatrical performance; and was otherwise careless, reckless, and negligent.

24.  The Defendants, their servants, agents and employees, had actual and constructive notice of the hazardous and defective conditions which caused the plaintiff's injuries.

25.  As a result of the carelessness, recklessness and negligence of the defendants, the plaintiff was caused to suffer and did suffer serious and permanent bodily injuries, including but not limited to injuries his neck, mid-back, and low back that resulted in the plaintiff's loss of use of his lower extremities together with pain and suffering attendant thereto; has been caused to incur substantial medical and related expense; had been caused to be disabled from his usual work, recreation and leisure activities and has been caused to experience great anxiety and apprehension attendant to his injuries.

**WHEREFORE**, plaintiff(s) respectfully demand judgment against the Defendants in an amount that exceeds the jurisdiction of other courts that would otherwise have jurisdiction, exclusive of costs, disbursements, and statutory interest, and for such other, further or different relief as the Court deems just and proper.

DATED:  Buffalo, New York
        March 19, 2012

*(signature)*
Anne M. Wheeler, Esq.
**CANTOR, DOLCE & PANEPINTO, P.C.**
*Attorneys for Plaintiff*
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 852-1888

SUPREME COURT

PATRICK KINGSTON
— vs —
CARDINAL O'HARA HIGH SCHOOL —against— Plaintiff(s),
THE DIOCESE OF BUFFALO, NY
THE BOYS + GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC
Defendant(s).

AFFIDAVIT
PROOF OF SERVICE
ON A NATURAL PERSON
ON A CORPORATION

I2018 000970

STATE OF NEW YORK
COUNTY OF ERIE } ss.:

Richard M. Fink, being duly sworn deposes and says: that deponent is not a party to the action and of the age of 18 years or older; and that deponent served the annexed SUMMONS + COMPLAINT on the Defendant(s) or Person(s), names herein, CARDINAL O'HARA HIGH SCHOOL _____, in the following manner:

**Complete one of the following BLOCKS, and the DESCRIPTION BELOW:**

(1) Personal Service
☐ by personally delivering to and leaving a true copy thereof with the above defendant on the _____ day of _____, ____, at ____ AM (PM), at _____ (address or place of service), and that he (she) knew the person so served to be the person described at the said defendant therein.

(2) Suitable Age
☐ A. by personally delivering to and leaving a true copy thereof with _____ (name of person served) a person of suitable age and discretion, on the ___ day of _____, ____, at ____ AM (PM), at _____ (address or place of service) the–dwelling place–usual place of abode–place of business within the State of New York

(3) Substituted Service
OR ☐ B. by affixing a true copy thereof to the defendant's door at _____ (address or place of service) _____ the–dwelling place–usual place of abode–place of business within the State of New York on _____ day of _____, ____, at ____ AM (PM), AND by mailing a true copy of the same to the defendant(s) at _____ (address mailed to, street, No., City and State) _____ his (her) (their) last known residence — his (her) (their) business address in a plain envelope marked "Personal and Confidential." Deponent previously attempted to serve the defendant(s) with due diligence pursuant to CPLR Sec. 308(4) on: (1) _____ day of _____, ____, at ____ AM (PM); (2) _____ day of _____, ____, at ____ AM (PM); (3) _____ day of _____, ____, at ____ AM (PM).

(3) ☒ by personally delivering to and leaving a true copy thereof with TERESA BONOGNANO at 39 O'HARA RD TONAWANDA NY 14150 on 23rd day of MARCH 2018, at 12:39 AM (PM) (name of person served) deponent knew the said corporation so served to be the corporation described in this action as the defendant therein, and that the said individual was the ADMINISTRATIVE ASST. (title of individual served) thereof. Individual served stated they were authorized to accept service.

The description of the person served pursuant to (1), (2) or (4) above is: Sex FEMALE; Skin color WHITE; Hair color BROWN; Approx. age 34; Approx. weight 140; Approx. height 5'5"; Other identifying features _____

To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me MARCH 26 2018

STACEY ZOOK
Lic. #01ZO06222546
Notary Public-State of New York
Qualified in Erie County
My Commission Expires 08/28/20

Notary Public State of New York. Originally qualified in Erie County

Commissioneer of Deeds 02/28/2014

/s/ Richard M. Fink

SUPREME COURT

PATRICK KINGSTON

vs

CARDINAL O'HARA HIGH SCHOOL — against — Plaintiff(s).
THE DIOCESE OF BUFFALO, NY
THE BOYS+GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC
                                          Defendant(s).

AFFIDAVIT
PROOF OF SERVICE
ON A NATURAL PERSON
ON A CORPORATION

I2018 000970

STATE OF NEW YORK
COUNTY OF ERIE                    ss.:

Richard M. Fink, being duly sworn deposes and says: that deponent is not a party to the action and of the age of 18 years or older; and that deponent served the annexed **SUMMONS + COMPLAINT**

on the Defendant(s) or Person(s), names herein, **THE DIOCESE OF BUFFALO, NY**

_____, in the following manner:

**Complete one of the following BLOCKS, and the DESCRIPTION BELOW:**

(1) Personal Service
☐ by personally delivering to and leaving a true copy thereof with the above defendant on the ___ day of _____, ___ at ___ AM (PM), at _____
(address or place of service)
and that he (she) knew the person so served to be the person described at the said defendant therein.

(2) Suitable Age
☐ A. by personally delivering to and leaving a true copy thereof with _____
(name of person served)
a person of suitable age and discretion, on the ___ day of _____, ___, at ___ AM (PM), at____
_____ the–dwelling place–usual place of abode–place of business within the State of New York
(address or place of service)

(3) Substituted Service
OR ☐ B. by affixing a true copy thereof to the defendant's door at_____
(address or place of service)
_____ the–dwelling place–usual
place of abode–place of business within the State of New York on ___ day of _____, ___, at ___ AM (PM),
AND by mailing a true copy of the same to the defendant(s) at _____
(address mailed to, street, No., City and State)
_____his (her) (their) last
known residence — his (her) (their) business address in a plain envelope marked "Personal and Confidential." Deponent previously attempted to serve the defendant(s) with due diligence pursuant to CPLR Sec. 308(4) on: (1) ___ day of _____, ___, at ___ AM (PM); (2) ___ day of _____, ___, at ___ AM (PM); (3) ___ day of _____, ___, at ___ AM (PM).

(3) ☒ by personally delivering to and leaving a true copy thereof with **PAUL LITWIN**
(name of person served)
at **795 MAIN ST. BUFFALO, NY 14203** on **23rd** day of **MARCH 2018**, at **11:32** AM (PM);
(address or place of service)
deponent knew the said corporation so served to be the corporation described in this action as the defendant therein, and that the said individual was the **CHANCELLOR** thereof. Individual served stated they were authorized to accept service.
(title of individual served)

The description of the person served pursuant to (1), (2) or (4) above is: Sex **MALE**; Skin color **WHITE**; Hair color **BLACK**
Approx. age **58**; Approx. weight **180**; Approx. height **6'**; Other identifying features **GLASSES**

To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me **MARCH 26, 2012**

STACEY ZOOK
Lic. #01ZO06222545
Notary Public-State of New York
Qualified in Erie County
My Commission Expires 06/28/20__

Notary Public State of New York, Originally Qualified in _____
ERIE County
Commissioner of Deeds _____

SUPREME COURT

PATRICK KINGSTON

vs

CARDINAL O'HARA HIGH SCHOOL — against — Plaintiff(s).
THE DIOCESE OF BUFFALO, NY
THE BOYS & GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC
                                                    Defendant(s).

AFFIDAVIT
PROOF OF SERVICE
ON A NATURAL PERSON
ON A CORPORATION

I2018 000970

STATE OF NEW YORK
COUNTY OF ERIE } ss.:

Richard M. Fink, being duly sworn deposes and says: that deponent is not a party to the action and of the age of 18 years or older; and that deponent served the annexed **SUMMONS + COMPLAINT**

on the Defendant(s) or Person(s), names herein, **THE BOYS AND GIRLS CLUB OF THE NORTHTOWNS FOUNDATION, INC**, in the following manner:

Complete one of the following BLOCKS, and the DESCRIPTION BELOW:

**(1) Personal Service** — ☐ by personally delivering to and leaving a true copy thereof with the above defendant on the ___ day of _____, ___ at ___ AM (PM) at _____ (address or place of service) and that he (she) knew the person so served to be the person described at the said defendant therein.

**(2) Suitable Age** — ☐ A. by personally delivering to and leaving a true copy thereof with _____ (name of person served) a person of suitable age and discretion, on the ___ day of _____, ___, at ___ AM (PM), at _____ (address or place of service) the—dwelling place—usual place of abode—place of business within the State of New York

**(3) Substituted Service** — OR ☐ B. by affixing a true copy thereof to the defendant's door at _____ (address or place of service) the—dwelling place—usual place of abode—place of business within the State of New York on ___ day of _____, ___, at ___ AM (PM), AND by mailing a true copy of the same to the defendant(s) at _____ (address mailed to, street, No., City and State) _____ his (her) (their) last known residence — his (her) (their) business address in a plain envelope marked "Personal and Confidential." Deponent previously attempted to serve the defendant(s) with due diligence pursuant to CPLR Sec. 308(4) on: (1) ___ day of _____, ___, at ___ AM (PM); (2) ___ day of _____, ___, at ___ AM (PM); (3) ___ day of _____, ___, at ___ AM (PM).

**(3)** ☒ by personally delivering to and leaving a true copy thereof with **BRIDGETTE HINZ** (name of person served) at **54 RIVERDALE AVE BUFFALO NY 14207** (address or place of service) on **23rd** day of **MARCH, 2012**, at **12:16** AM (PM); deponent knew the said corporation so served to be the corporation described in this action as the defendant therein, and that the said individual was the **DIRECTOR OF FINANCE** (title of individual served) thereof. Individual served stated they were authorized to accept service.

The description of the person served pursuant to (1), (2) or (4) above is: Sex **FEMALE**; Skin color **WHITE**; Hair color **BLONDE**; Approx. age **40**; Approx. weight **110**; Approx. height **5'2"**; Other identifying features _____

To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me _____

Notary Public State of New York. Originally qualified in _____ Erie _____ County
Commissioner of Deeds

STACEY ZOOK
Lic. #01ZO06222546
Notary Public-State of New York
Qualified in Erie County
My Commission Expires 06/28/20__