UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**Patrick Kingston**

                Plaintiff(s),

v.
                                            Erie County Supreme Court
                                            Index No**:** 2012-000970

**Cardinal O'Hara High School**;
**The Diocese of Buffalo, N.Y.; &**                 CIV No. 12 CV 349
**The Boys and Girls Club of the Northtowns**      Hon. William M. Skretny
**Foundation, Inc.**

                Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT

**Preliminary Statement**

    Plaintiff, Patrick Kingston, by and through his attorney, *Cantor, Dolce & Panepinto*, Frank J. Dolce of counsel respectfully submits this memorandum of law in support of the Plaintiff's motion pursuant to 28 USC §1441(b)(2) and 28 USC §1447 to have the Court remand this action to New York State Supreme Court, the Defendants' local state court and the venue which the Plaintiff chose to bring the action. For the reasons set forth below, this case should be remanded.

**Factual Summary**

    A summary of the facts and procedural history relevant to this Motion to Remand are fully set forth in the attorney affidavit of Frank J. Dolce, together with annexed exhibits. For the purposes of this Memorandum of Law the plaintiff fully incorporates those facts and any reference to exhibits refers to those attached to the supporting affirmation unless otherwise specified.

**Argument**
**28 U.S.C. §1441(b)(2) requires that this action be remanded to New York State Supreme Court for further proceedings and ultimate disposition.**

28 U.S.C. §1441(b)(2) provides:
"(b) Removal based on diversity of citizenship. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendant Cardinal O'Hara High School and the Diocese of Buffalo, with consent of Defendant the Boys and Girls Club of the Northtowns Foundation, Inc. filed a Notice of Removal in the instant action on the sole ground that the District Court has original jurisdiction of the matter due to the diversity of citizenship between the parties. While defendants' do not supply a citation in their Removal Notice for the District Court's original jurisdiction, the defendants' claim with regard to jurisdiction can only be based on 28 U.S.C. §1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between– (1) Citizens of different States; the parties are citizens of different states."

The Defendants claim that their removal notice filed in accordance with 28 USC 1446 permits them to properly remove the action from state court to federal court in light of the provision of 28 USC 1332(a)(1) supplying the District Court original jurisdiction.

Nevertheless, 28 U.S.C. §1441(b)(2) clearly provides that when an action is brought in State Court the Defendants may not remove the action to federal court if any Defendant is a citizen of the State where the action as brought if the only ground for removal is diversity of citizenship as defined in 28 U.S.C. §1332(a).

28 U.S.C. §1441(b)(2), also referred to as the "in-state defendant barrier" or "no-local defendant rule" has been interpreted on numerous occasions by United States Circuit Courts and United State District Courts, which have found that 28 U.S.C. 1441(b) grants the plaintiff a right to prosecute an action in state court, even where complete diversity exists, so long as the State court in which the action is venued is the home state of one of the defendants. See Hurley v. Motor Coach Industries, Inc., 222 F.3d 377 (7th Cir 2007); WRS Motion Picture and Video Laboratory, 33 F. Supp2d 876 (CA. Dist. Ct. 1999); Crockett v. R.J Reynold Tobacco Co, 436 F.3d 529 (5th Cir 2006).

In the case of Hurley, the Court specifically reasoned that the import of 28 U.S.C. 1441(b) is that "not every diversity case qualified for removal. For cases that start out in state court, where it is the defendant who wants the federal forum, there is an additional hurdle to clear before successfully reaching federal court . . . a non-federal question case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'" Hurley, 222 F.3d at *378, 2000 U.S. App. Lexis 17852 at **3-4. The Hurley court further reasoned that "the policy behind the forum defendant rule (28 U.S.C. 1441(b)(2)) is designed to preserve the plaintiff's choice of a state forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state defendant." Hurley, 222 F.3d at *379, 2000 U.S. App. Lexis 17852 at **9.

The defendants' assertion that they are entitled to the removal of the instant action to federal court is predicated only on diversity of citizenship between the parties as set forth in 28 U.S.C. §1332(a). Indeed, the Defendant claims that it is entitled to removal from New York State Supreme Court to Federal Court because the Plaintiff is a domiciliary of the State of New Jersey while the Defendants are residents of the State of New York. See Attorney Affidavit of Frank J. Dolce, Notice

3

of Removal, **Exhibit A** at ¶3. The Defendants do not assert that there is any federal question to be resolved in the instant case. See generally, id. Indeed, such an assertion would fail on its face, as the plaintiff's complaint unequivocally alleges that the Defendants violated New York statutory and New York common law standards of care in connection with acts or omissions of the Defendants that occurred in the State of New York and that the Plaintiff's injuries occurred within Defendants' Cardinal O'Hara Highschool and the Diocese of Buffalo's premises in the State of New York, County of Erie. See Attorney Affidavit of Frank J. Dolce, Complaint, **Exhibit B**.

Where the Defendant is a citizen of the State in which the action is initially brought and there is no federal question at issue, as in the instant case, the Plaintiff is entitled, as a matter of right, to have the action remanded to State Court so long as a Motion for Remand is filed within 30 days of the filing of the Defendants removal notice made pursuant to 28 USC §1446(a). See 28 USC § 1447(c).

In the instant case, Defendants' Cardinal O'Hara High School and the Diocese of Buffalo's removal notice was filed on April 23, 2012. The date of the filing of the instant motion is well within the 30 day time limit for the filing a Motion to Remand pursuant to 28 USC § 1447(c), rendering the instant motion timely.

In light of the provisions of 28 USC 1441(b)(2) and the fact that the Plaintiff's opposition to the Defendants' removal has been timely made, the Plaintiff respectfully maintains that he is entitled to have the instant action remanded to New York State Supreme Court as a matter of right.

**Conclusion**

In light of the foregoing, the Plaintiff respectfully requests that the Court remand the instant matter to New York State Supreme Court, Erie County pursuant to 28 USC § 1447 and 28 U.S.C. § 1441(b)(2), and further request any and all other relief that this Court deems just and proper.

DATED:   Buffalo, New York
         May 1, 2012

                                    Respectfully submitted,

                                    /s/ Frank J. Dolce, Esq.
                                    _____
                                    Frank J. Dolce, Esq.
                                    Cantor, Dolce & Panepinto
                                    1600 Main Place Tower
                                    350 Main Street
                                    Buffalo, New York 14202
                                    (716) 852-1888
                                    fdolce@cldplaw.com


TO:   Thomas J. Speyer
      Chelus Herdzik Speyer & Monte, P.C.
      *Attorneys for Defendants Cardinal O'Hara High School*
      *and the Diocese of Buffalo*
      Main Court Building
      438 Main Street, 10th Floor
      Buffalo, New York 14202
      tspeyer@cheluslaw.com

      Michael J. Appelbaum
      Damon and Morey, LLP
      *Attorney for Defendant The Boys and Girls Club*
           *of the Northtowns Foundation, Inc.*,
      The Avant Building, Suite 1200
      200 Delaware Avenue
      Buffalo, New York 14202
      mappelbaum@damonmorey.com